IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,681-01






EX PARTE PAUL EDWARD CARPENTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 02-7-19,537-A IN THE 24th DISTRICT COURT


FROM VICTORIA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child and two counts of indecency with a child and sentenced to forty
years' imprisonment in the aggravated sexual assault count and ten years' imprisonment for each
count of indecency with a child. The Thirteenth Court of Appeals affirmed his conviction. Carpenter
v. State, No. 13-02-630-CR (Tex. App.-Corpus Christi, delivered February 17, 2005, pet. ref'd.) 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he allowed Applicant to be convicted of indecency with a child by contact in violation of double
jeopardy, he failed to preserve error regarding improper arguments and statements made by the
prosecution during trial, and he failed to prevent the jury charge from charging him with two separate
offenses of aggravated sexual assault in the disjunctive. The Applicant also contends that he was
convicted of indecency with a child by contact in violation of double jeopardy. 

 Applicant has alleged facts that, if true, might entitle him to relief. (1) Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant, and
the trial court shall make findings regarding whether Applicant's conviction for indecency with a child
by contact was obtained in violation of double jeopardy. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 12, 2007

Do not publish

1. The State has filed a response recommending that the application be denied because,
"Eighty two pages of number nine font or less does not meet the requirements of the Court."
However, this Court does not have a font requirement regarding art. 11.07 habeas corpus
applications.